IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EPIC GAMES, INC. and EPIC GAMES INTERNATIONAL S.à.r.l., | ) ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No.: 5:17-cv-511-FL |
| v. | ) ) ) | |
| BRANDON BROOM, | ) ) | |
| Defendant. | ) | |

# PLAINTIFF EPIC GAMES INC.'S STATUS REPORT REGARDING SERVICE OF PROCESS

Plaintiff Epic Games, Inc. ("Epic") submits the following status report to inform the Court as to Epic's efforts to serve Defendant Brandon Broom ("Defendant") in the above-captioned case.

1. Epic filed the complaint on October 10, 2017. (D.E. 1.) As pleaded in the Complaint, on information and belief, Defendant is a citizen and resident of Canada. (Compl., D.E. 1, at ¶ 12.)

2. On October 11, 2017, the Court issued a summons to Defendant and directed counsel for Epic to "print the attached summonses and serve with other case opening documents in accordance with Fed. R. Civ. P. 4." (D.E. 6.)

3. Fed. R. Civ. P. 4(m) requires, *inter alia*, that a plaintiff properly serve a defendant "within 90 days after the complaint is filed." However, Rule 4(m) makes an exception for service in a foreign country. Specifically, it provides: "[t]his subdivision (m) does not apply to service in a foreign country under Rule 4(f)". Fed.R.Civ. P. 4(m). Fed.R.Civ.P. 4(f) addresses "Serving an Individual in a Foreign Country" and does not contain any time limit for service.

*See id*. Because it is Plaintiff's good faith, informed belief that Defendant is a citizen and resident of Canada—as reflected on the summons issued by this Court—the 90-day time limit prescribed in Rule 4(m) does not apply to service of Defendant in this matter.

4. The Fourth Circuit has held the Rule 4(m)'s time limit does not apply where a corporate defendant is located in a foreign country. *See U.S. ex rel. Walterspiel v. Bayer AG*, 639 F. App'x 164, 167 (4th Cir.) ("Fed.R.Civ.P. 4(m)'s 120–day time limitation for completing service of process did not apply because Bayer AG was a foreign corporation.").

5. Although it appears that this Court has not had occasion to address this issue within the facts present in the instant context, other courts in the Fourth Circuit have held that, where a defendant is being served outside of the United States, the 90-day time limit does not apply. *See U.S. ex. rel. Walterspiel v. Bayer A.G.*, No. 1:12-CV-773, 2014 WL 7332303, at *7, n.11 (M.D.N.C. Dec. 19, 2014) ("The federal rules give no specific time limit on service outside of the United States . . ..") (internal citations and quotations omitted); *A Love of Food I, LLC v. Maoz Vegetarian USA, Inc.*, No. CIV.A. AW-10-2352, 2011 WL 4102084, at *4 (D. Md. Sept. 13, 2011) (providing that, because the plaintiff had to effectuate service in a foreign country, "the [then] 120-day time period for service of process does not apply in the case at bar").

6. However, the time allowed for service is not unlimited: the plaintiff must act with diligence. *See U.S. ex rel. Walterspiel*, 639 F. App'x at 167 (holding that plaintiff could not avail itself of the exception to the time limit provided by Rule 4(m) where no attempt to effectuate service had been made in the case's five-year pendency); *A Love of Food I, LLC*, 2011 WL 4102084, at *4 (holding that the exception to the time limit provided by Rule 4(m) was applied in cases where the plaintiffs "act with diligence" and have made a "reasonable, good faith effort to attempt service abroad" within the prescribed time period and also holding that the

exception did not apply to a plaintiff who had not made "a single attempt to effectuate service abroad within a ten-to-eleven month period" after discovering that the defendants were located abroad.).

7. Here, Epic has diligently attempted service on Defendant several times, beginning the very day the summons was issued by the Court. As evidenced by the Declaration of Helen Bolton, attached hereto as Exhibit A ("Bolton Declaration"), a Canadian process server attempted personal service at Defendant's residence three times. (Exh. A at ¶¶ 1-5.) Further, the process server spoke with Defendant's landlord who stated that Defendant had moved. (*Id.* at ¶ 5.) Epic also engaged a second process server and investigator to attempt to locate Defendant. (*See* Declaration of Gianni Donatucci, attached hereto as Exhibit B.) He conducted a skip trace but was unable to locate Defendant. (*See id.* at ¶¶ 1-3.)

8. Epic is continuing to attempt to locate and properly serve Defendant. Because Epic is tasked with effectuating service in Canada and has made diligent, good faith attempts at service during the Rule's prescribed time period, the 90-day time limit set out by the Rule does not apply. *See* Fed. R. Civ. P. 4(f); *U.S. ex rel. Walterspiel*, 639 F. App'x at 167; *A Love of Food I, LLC*, 2011 WL 4102084, at *4.

9. Epic will continue to provide the Court with status reports as necessary.

This 8th day of January, 2018.

3

PPAB 4057782v3

Case 5:17-cv-00511-FL   Document 7   Filed 01/08/18   Page 3 of 5

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina  27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564

*Attorneys for Plaintiff Epic Games, Inc.*

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **PLAINTIFF'S STATUS REPORT REGARDING SERVICE OF PROCESS** was electronically filed this day with the Clerk of Court and is available to defendant via PACER. A copy will be served on Defendant as soon as we are able to ascertain a way to serve him, at which point undersigned counsel will file an amended certificate of service.

This the 8th day of January, 2018.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
Tasneem D. Delphry
tasneemdelphry@parkerpoe.com
N.C. Bar No. 47697
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina  27602-0389
Telephone:     (919) 835-4626
Facsimile:     (919) 834-4564

*Attorney for Plaintiff Epic Games, Inc.*