IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EPIC GAMES, INC. and EPIC GAMES INTERNATIONAL S.à.r.l., | ) ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No.: 5:17-cv-511-FL |
| v. | ) ) ) | |
| B.B., | ) ) | |
| Defendant. | ) | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT
OF MOTION TO SEAL**

Plaintiffs Epic Games, Inc. ("Epic") and Epic Games International S.à.r.l. (together, "Epic") submit this Memorandum in Support of Plaintiffs' Motion to Seal Exhibit 1, and its accompanying exhibits, to the Declaration of Christopher M. Thomas (collectively, "Exhibit 1"). Plaintiffs' Motion should be granted because: (a) Exhibit 1 contains private personal information concerning Defendant, who Epic has reason to believe is a minor; (b) such information is protected from public disclosure under Local Civil Rule 17.1(c) and Rule 5.2(3) of the Federal Rules of Civil Procedure, *see id.*; *see also Yagoda v. New Hanover Child Protective Servs.*, No. 7:11-CV-00122-BO, 2011 WL 3911114, at *1 (E.D.N.C. June 30, 2011), *report and recommendation adopted sub nom.*, *Yagoda v. Davis*, No. 7:11-CV-122-BO, 2011 WL 3911111 (E.D.N.C. Sept. 5, 2011) (directing the Clerk to seal filed paper and noting "[i]n order to protect a minor's privacy, Rule 5.2(3) of the Federal Rules of Civil Procedure provides that only the minor's initials should be included in filings with the court"), thereby overcoming the common law and First Amendment presumption to access; and (3) any alternatives are inadequate to

protect the minor's personal information and still provide the Court with the necessary information to review Exhibit 1.

## ARGUMENT

I. **The Documents and Information for which Protection is Requested.**

Plaintiffs seek to seal Plaintiffs' Exhibit 1, and its accompanying exhibits because they each contain personal information regarding the Defendant in this matter, who is likely a minor.

II. **The Motion To Seal Does Not Violate The Common Law And First Amendment Right To Access.**

A motion to seal should be granted when the right to access to the documents, as protected by both the common law and the First Amendment, is not violated. *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988). The court begins with a presumption of a public's right to access; however, this presumption may be overcome when there is a competing interest that outweighs the interest to access. *Id.*

Here, the minor's privacy interests outweigh the public interest to access. There is no proper purpose or public service that could be achieved by public disclosure of the private details concerning Defendant contained in Exhibit 1. On the other hand, as noted above, such information is protected from public disclosure under Local Civil Rule 17.1(c) and Rule 5.2(3) of the Federal Rules of Civil Procedure. Accordingly, the statutorily recognized interest of the minor's privacy rights outweighs the minimal interest of the public and, therefore, overcomes the presumption to access of the public to this information.

III. **The Alternative to Sealing are Inadequate.**

The alternatives to sealing are insufficient. An alternative to sealing would be redacting specific sensitive information from the Court's copy of the filings. However, the purpose of the

inclusion of this information is to provide the Court with evidence that service of process was properly effected, which involves personal information related to the Defendant..

## IV. The Requirements of the Court's Manual have been Met.

Plaintiffs have met the requirements of the Manual by (1) specifying the exact document or item for which sealing is requested; (2) detailing how this request overcomes the common law and First Amendment presumption to access; (3) specifying the specific qualities of the material that justify the sealing; and (4) providing the reasons why alternatives to sealing are inadequate.

Accordingly, Plaintiffs request that Plaintiffs' Motion to Seal be granted, and Plaintiffs' Exhibit 1, and accompanying exhibits, to Plaintiffs' Declaration of Christopher M. Thomas be maintained under seal.

This the 12th day of February, 2018.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina 27602-0389
Telephone: (919) 835-4626
Facsimile: (919) 834-4564

*Attorney for Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l.*

# CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO SEAL** was electronically filed this day with the Clerk of Court and is available to B.B. c/o Christine Broom via PACER. Copies will be served on both B.B. and Christine Broom as soon as we are able to properly serve them, at which point undersigned counsel will file an amended certificate of service.

This the 12th day of February, 2018.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina  27602-0389
Telephone:	(919) 835-4626
Facsimile:	(919) 834-4564

*Attorney for Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l.*

4

PPAB 4113129v1
Case 5:17-cv-00511-FL   Document 11   Filed 02/12/18   Page 4 of 4