IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
Civil Action No.: 5:17-cv- 00511-FL

EPIC GAMES, INC. and EPIC GAMES INTERNATIONAL S.à.r.l.,

    Plaintiffs,

v.

B.B.,

    Defendant.

**ORDER OF FINAL JUDGMENT AND PERMANENT INJUNCTION**

This matter comes before the Court on Plaintiff's Motion for Default Judgment (the "Motion") by Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l. ("Epic Games International") (collectively, "Plaintiffs" or "Epic") against Defendant B.B. ("B.B" or "Defendant").

The Court has reviewed the Motion, together with the supporting materials submitted contemporaneously with the Motion or previously filed with the Court. Based upon those materials, the following findings of fact and conclusions of law, and because Defendant has failed to file a responsive pleading in the time afforded under the law, Plaintiffs' Motion is hereby GRANTED.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

1. On October 10, 2017, Epic filed its Complaint in this Court seeking injunctive relief and damages against Defendant for (i) copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq*., (ii) contributory copyright infringement in violation of the Copyright Act, 17 U.S.C. §§ 106 and 501, *et seq*., (iii) circumvention of technological

measures in violation of the DMCA, 17 U.S.C. §§ 1201, *et seq.*; (iv) breach of contract, and (v) intentional interference with contractual relations. (D.E. 1.)

2. On January 25, 2018, copies of the Summons, Civil Cover Sheet, and other papers were properly served on Defendant and Defendant's mother in Ontario, Canada, in accordance with Fed. R. Civ. P. 4(l)(1); Articles 10(b) and (c) of the Hague Convention, to which Canada is a signatory; and Ontario R. Civ. P. 16.02(1)(j). (D.E. 8-11.)

3. This Court has proper jurisdiction over the subject matter in this litigation under 28 U.S.C. §§ 1331, 1338(a), 1367(a) and 17 U.S.C. §§ 106 and 501, *et. seq.*

4. This Court has personal jurisdiction over Defendant because Defendant agreed to be subject to the exercise of jurisdiction over him by the courts in this District by agreeing to the terms of Plaintiffs' Terms of Service ("Terms") and the Fortnite End User Licensing Agreement ("EULA"). This Court also has personal jurisdiction over Defendant because Defendant has purposefully availed himself of the privileges of conducting activities and doing business in North Carolina and in this District, thus invoking the benefits and protections of North Carolina's laws, by, among other things, entering into contractual agreements with Epic in North Carolina, and repeatedly accessing Epic's servers, which are located in this District. This Court shall retain jurisdiction over Defendant for the purpose of implementing and enforcing this Consent Judgment.

5. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because this is a District where a substantial part of the events giving rise to Plaintiffs' claims occurred, where Defendant committed acts of copyright infringement, and where Plaintiff's injuries were suffered. Further, Defendant may be sued in any judicial district under 28 U.S.C. § 1391(c)(3) because he is not a resident of the United States. Venue is also proper in this District because Defendant consented to venue in this District by agreeing to the Terms and the EULA.

2
PPAB 4288058v3
Case 5:17-cv-00511-FL   Document 26   Filed 06/14/18   Page 2 of 8

6. Epic is the author and owner of all the rights, title and interest in the copyrights in the video game Fortnite, including without limitation, its computer software and the audio visual work created by the software. Fortnite is an original work of authorship and copyrightable subject matter under the laws of the United States.

7. Epic's copyrights in various versions of Fortnite's computer code are the subjects of U.S. Copyright Registration Nos. TXu01-895-864 (dated December 18, 2013), TX008-186-254 (dated July 14, 2015), TX008-254-659 (dated March 3, 2016), and TX008-352-178 (dated December 23, 2016). (*See* D.E. 1, Exhibit A.) These registrations are valid and subsisting.

8. Defendant acted as a moderator and support person on AddictedCheats.net, which was, at all times relevant to the complaint, a cheat provider website (the "cheat provider") that supplied its registered users with cheat software ("cheats") in exchange for money.

9. Defendant promoted these cheats on the cheat provider's discussion forum and assisted third parties in obtaining and using the cheats from the cheat provider while playing Fortnite.

10. Before being banned from Epic for cheating, Defendant was a user of Epic Games' services, including Fortnite, and, thus, had access to Fortnite. While playing Fortnite, Defendant used cheats to unlawfully modify Fortnite's software so that he had an unfair competitive advantage over other Fortnite players. The cheats used by Defendant—and by those whom Defendant induced to use such software—work by improperly injecting unauthorized software code into the active memory of the Fortnite game as it runs on the cheater's computer.

11. This unauthorized modification of Fortnite's code as it runs on the cheater's computer, and of the code that is sent back to Epic's servers, materially changes both the game's code and the audio visual aspects of the game generated by the code. These changes create a different but substantially similar version of the Fortnite game than the Fortnite game that is

3

PPAB 4288058v3
Case 5:17-cv-00511-FL   Document 26   Filed 06/14/18   Page 3 of 8

generated by Epic's copyright protected software. Therefore, Defendant's use, and other cheaters' uses, of the cheat software creates unauthorized derivative works based on Fortnite in violation of the Copyright Act.

12. In an effort to protect Fortnite's code from the continued efforts of Defendant and other users to cheat at Fortnite, Epic put in place certain technological measures to effectively prevent and control unauthorized access to Fortnite's copyrighted code. In response to this, Defendant modified the cheat by specifically designing it to circumvent Epic's technological measures and instructed the cheat provider's subscribers to do the same. Defendant's modification had no commercially significant purpose or use other than to circumvent Epic's technological measures and contains technologies, products, services, devices, components, or parts that were primarily designed for the purpose of circumventing the technological security measures implemented in Fortnite.

13. Use of the cheats in this way by Defendant and third parties constitutes direct infringement of Epic's copyrights in Fortnite in violation of the Copyright Act.

14. Defendant, with actual knowledge of the acts of direct infringement by third parties, caused, contributed materially to, and/or participated in the direct infringement by such third parties.

15. Defendant did so with the actual and/or constructive knowledge that these third parties' preparation of derivative works based on Epic's Fortnite software directly infringes Epic's copyrights in the software. Accordingly, Defendant's activities described above constitute contributory copyright infringement in violation of the Copyright Act.

16. Defendant's use of the cheats also constitutes circumvention of technological measures in violation of the Digital Millennium Copyright Act ("DMCA"), 17 U.S.C. §§ 1201, *et seq*.

4
PPAB 4288058v3
Case 5:17-cv-00511-FL   Document 26   Filed 06/14/18   Page 4 of 8

17. In order to play Fortnite on PC—which is the platform on which Defendant accessed and cheated at Fortnite—Defendant created accounts with Epic. In so doing, Defendant affirmatively acknowledged that he read and agreed to both the Terms and the EULA. Under the Terms and the EULA, Defendant's affirmative consent also served as consent to jurisdiction and venue in this Court.

18. The Terms and the EULA prohibit a variety of user conduct including copyright infringement and use of Epic's services for commercial purposes. The EULA further explicitly prohibits cheating. By creating an account with Epic in order to access, download, and play Fortnite, and by using Epic's services, including, without limitation, by playing Fortnite, Defendant agreed to be bound by the Terms and the EULA.

19. Epic's Terms, to which Defendant affirmatively agreed by, and as part of the process of, accessing, downloading, and playing Fortnite, constitutes a valid, binding, and enforceable contract between the Parties.

20. The Terms prohibit Defendant from, among other things, "copy[ing,] modify[ing], creat[ing] derivative works of, . . . or transmit[ting] any of the material obtained through [Epic's s]ervices, . . . ." and from "access[ing] or us[ing Epic's services] for any purpose that is illegal or beyond the scope of the . . . intended use [of Epic's services] (in Epic's sole judgment)." (D.E. 1, Exhibit C at 40-51.)

21. Defendant knowingly, intentionally, and materially breached the Terms at least by making derivative works based on Fortnite and by copying, modifying, and transmitting Fortnite in an unauthorized manner.

22. Epic's EULA, to which Defendant affirmatively agreed by, and as part of the process of, accessing, downloading, and playing Fortnite, constitutes a valid, binding, and enforceable contract between the Parties.

5

23. The EULA prohibits Defendant from, among other things "copy[ing], reproduce[ing], distribut[ing], display[ing], or us[ing Fortnite] in a way that is not expressly authorized" in the EULA, "mak[ing] derivative works based on [Fortnite,]" "creat[ing], develop[ing], distribut[ing,] or us[ing] any unauthorized software programs to gain advantage in any online or other game modes." (D.E. 1, Exhibit D at 56.)

24. Having agreed to be bound by the Terms and the EULA and regularly using and accessing Epic's services, Defendant had knowledge that other users of Fortnite are subject to the previously recited prohibitions that the Terms and the EULA place on all users. Accordingly, Defendant had knowledge that the Terms and the EULA are valid, enforceable contracts between Epic and its registered users.

25. Defendant had knowledge that use of cheats in Fortnite breaches the Terms and the EULA between Epic and its users. Defendant actively, intentionally, and willfully encouraged and induced other cheaters and would-be cheaters to purchase the cheats, and intentionally and willfully assisted third parties in using the cheats on Fortnite. Accordingly, Defendant acted without justification and intentionally interfered with the contracts between Epic and those users. Defendant's conduct constitutes intentional interference with contractual relations under North Carolina law.

## PERMANENT INJUNCTION AND ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that default judgment and a permanent injunction be ordered against Defendant as follows:

1. Defendant will immediately (i) destroy all copies of any cheats in his possession, custody, or control that can be used to infringe any of Epic's copyrights or cheat at any of Epic's games, and (ii) is **PERMANENTLY ENJOINED and RESTRAINED** from continuing his unlawful conduct described above and in the Complaint, including, without limitation, the direct

6

PPAB 4288058v3

Case 5:17-cv-00511-FL   Document 26   Filed 06/14/18   Page 6 of 8

infringement of Epic's copyrights, contributory infringement of Epic's copyrights, violation of the DMCA, breaches of the Terms, breaches of the EULA, and intentional interference with contractual relations between Epic and others; and

2. Defendant is **further PERMANENTLY ENJOINED and RESTRAINED** from engaging in the following activities:

   a. infringing any of Epic's currently existing or future copyrighted works, including, without limitation, infringement by the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

   b. inducing or materially contributing to the direct infringement of any of Epic's currently existing or future copyrighted works by others, including, without limitation, infringement by the use of any software or device that copies or modifies Epic's software in violation of the Copyright Act;

   c. using any technology, product, service, or device, part of which is primarily designed for the purpose of circumventing a technological measure that effectively controls access to Epic's copyright-protected work including, without limitation, Fortnite, where the technological measure effectively controls access to Epic's copyrighted code in order to protect Epic's exclusive rights;

   d. violating the Terms of Service;

   e. violating the EULA;

   f. intentionally interfering with Epic's contracts or contractual relations with the other parties to those contracts or contractual relations;

   g. cheating at any of Epic's Games or at any game that Epic subsequently develops, creates, or publishes in a manner that violates Epic's intellectual property rights or any agreement Defendant has with Epic; and/or

7

PPAB 4288058v3
Case 5:17-cv-00511-FL   Document 26   Filed 06/14/18   Page 7 of 8

h. materially contributing to cheating by others or induce others to cheat at any of Epic's games or at any games that Epic subsequently develops, creates, and/or publishes in a manner that violates Epic's intellectual property rights or any agreement Defendant has with Epic.

3. No bond or posting of security is required of the Parties.

4. This Court shall retain jurisdiction over this matter to enforce a violation of this Judgment's terms. If any such violation occurs, the Court shall award, (a) without regard to proof of actual damages, an amount the Court deems adequate to compensate Plaintiffs for such breach; as well as (b) injunctive relief enjoining any further breach of this Order, or such modifications to the present Order as the Court deems appropriate; (c) attorneys' fees, costs and disbursements, as determined by the Court; and (d) such other relief as the Court deems just and proper.

This, the ___ day of _____, 2018

_____
United States District Judge