IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

|  |  |  |
|---|---|---|
| EPIC GAMES, INC. and EPIC GAMES INTERNATIONAL S.à.r.l., | ) ) ) ) | |
| Plaintiffs, | ) | Civil Action No.: 5:17-cv-00511-FL |
| v. | ) ) | |
| B. B., by his Guardian ad Litem, PAMELA S. CHESTEK, | ) ) ) | |
| Defendant. | ) ) | |

## PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF CONSENT MOTION TO SEAL

Plaintiffs Epic Games, Inc. and Epic Games International S.à.r.l. (collectively, "Epic" or "Plaintiffs") submit this Memorandum in Support of the Consent Motion to Seal Plaintiffs' Motion for Entry of Order of Approval and accompanying papers including the Order of Approval, Exhibit A to the Order of Approval, and Memorandum in Support of Motion for Entry of Order of Approval and the attached settlement agreement between the parties. Plaintiffs' Motion should be granted because: (1) Plaintiffs' Motion for Entry of Order of Approval, the Order of Approval, the Settlement Agreement (which is Exhibit A to the Order of Approval), and the Memorandum in Support of Motion for Entry of Order of Approval, all contain confidential information involving a minor, including the terms of the parties' confidential settlement agreement; (2) the public dissemination of that information could be harmful to Defendant, thereby overcoming the common law and First Amendment presumption to access; and (3) any alternatives are inadequate to protect the confidential information and still provide the Court with the necessary information to decide Plaintiffs' Motion for Entry of Order of Approval.

## ARGUMENT

**I.    The Documents and Information For Which Protection is Requested.**

Plaintiffs, with the consent of Defendant's Court appointed guardian ad litem, seek to seal Plaintiffs' Motion for Entry of Order of Approval, the Order of Approval, the Settlement Agreement (which is Exhibit A to the Order of Approval), and the Memorandum in Support of Motion for Entry of Order of Approval because they all contain confidential information involving a minor, including the terms of the parties' confidential settlement agreement.

**II.   The Motion to Seal Does Not Violate the Common Law and First Amendment Right to Access.**

A motion to seal should be granted when the right to access to the documents, as protected by both the common law and the First Amendment, is not violated.  *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988).  The court begins with a presumption of a public's right to access; however, this presumption may be overcome when there is a competing interest that outweighs the interest to access.  *Id.*

In this case, the defendant minor's privacy interests outweigh the public interest to access.  There is no proper purpose or public service that could be achieved by public disclosure of the private details of the settlement agreement – rather, the minor could be exposed to public scandal and unfairly disadvantaged as a result.  Accordingly, the significant interest of the minor's rights outweighs the minimal interest of the public and, therefore, overcomes the presumption to access of the public to this information.

**III.  The Alternative to Sealing are Inadequate.**

The alternatives to sealing are insufficient.  An alternative to sealing would be redacting specific sensitive information in the Court's copy of settlement documents.  However, the

purpose of the inclusion of this information is to provide the Court evidence necessary to determine that the settlement terms are appropriate and proper.

## IV.    The Requirements of the Court's Manual Have Been Met.

Plaintiffs have met the requirements of the Manual by (1) specifying the exact document or item for which sealing is requested; (2) detailing how this request overcomes the common law and First Amendment presumption to access; (3) specifying the specific qualities of the material that justify the sealing; and (4) providing the reasons why alternatives to sealing are inadequate. Defendant's Court appointed guardian ad litem consents to this Motion to Seal.

Accordingly, Plaintiffs respectfully request that their Motion to Seal (i) Plaintiffs' Motion for Entry of Order of Approval, (ii) the Order of Approval, (iii) the Settlement Agreement, (which is Exhibit A to the Order of Approval), and (iv) the Memorandum in Support of Motion for Entry of Order of Approval, all of which contain confidential information involving a minor, including the terms of the parties' confidential settlement agreement, be maintained under seal.

Respectfully submitted, this 7th day of September, 2018.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
N.C. Bar No. 47697
Tasneem D. Delphry
tasneemdelphry@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina  27602-0389
Telephone:    (919) 835-4626
Facsimile:    (919) 834-4564

*Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

This is to certify that a copy of the foregoing **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' CONSENT MOTION TO SEAL** was electronically filed this day with the Clerk of Court using the CM/ECF system which will automatically send notice addressed to the following: Pamela S. Chestek As Guardian Ad Litem for B.B., who has consented to accept service on behalf of Defendant B.B.

This the 7th day of September, 2018.

**PARKER POE ADAMS & BERNSTEIN LLP**

/s/Christopher M. Thomas
Christopher M. Thomas
N.C. Bar No. 31834
christhomas@parkerpoe.com
Tasneem D. Delphry
N.C. Bar No. 47697
tasneemdelphry@parkerpoe.com
PNC Plaza
301 Fayetteville Street, Suite 1400 (27601)
P.O. Box 389
Raleigh, North Carolina  27602-0389
Telephone:      (919) 835-4626
Facsimile:      (919) 834-4564

*Attorneys for Plaintiffs*

4